### No. 9793.

### RICHARDSON *v.* CORNELL.

PLEADING—*Cause of Action not Sufficiently Pleaded.*

The only cause of action suggested by the complaint not being sufficiently stated, the demurrer was properly sustained.

*Error to Denver District Court, Hon. Clarence J. Morley, Judge.*

Mr. PERRY D. ROSE, for plaintiff in error.

Mr. JAMES C. STARKWEATHER, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THE complaint in this case alleged the following contract between the plaintiff, defendant, and one William J. Candlish:

"January seventh, 1918.

"In consideration of J. E. Richardson lending certain bonds of the English Government to be used as collateral security in securing the money necessary to take up the option held by H. W. Cornell on 35,000 shares of the Shiloh Oil and Refining Company at $.12 per share, the undersigned have agreed as follows: "1. Said Shiloh stock, together with 10,000 shares of the Red Bank Oil Company and 100,000 shares of the Colorado Oil and Development Company shall stand as collateral security in said transaction, and for the protection of J. E. Richardson against any loss whatever. 2. It is contemplated that this transaction shall be consummated by the resale of all or part of said Shiloh stock within ten days from this date; that in any event sufficient of such stock shall be sold to repay such loan and restore said bonds and collateral stock to the parties depositing them; that the concurring judgment of two of the undersigned, shall determine the time and price at which said Shiloh stock shall be sold to repay such loan, all the proceeds of such sales to be applied to such loan until the same is fully paid. 3. All the profits of said transaction, including stock remaining after repayment of said loan, are to be divided by the undersigned, share and share alike, that is to say, one third to each.

"In witness whereof the undersigned have affixed their signatures this 7th day of January, 1918.

WILLIAM J. CANDLISH,
J. E. RICHARDSON,
H. W. CORNELL."

It is then alleged that the defendant purchased the Shiloh shares at the price agreed and deposited the same with the plaintiff, together with the 10,000 shares of the Red

Bank stock and 90,000 shares of the Colorado Oil and De-
velopment Company in the manner agreed, and that the
plaintiff delivered certain English bonds to defendant which
were deposited with the Colorado National Bank by defend-
ant and Candlish to secure the payment of their joint prom-
issory note, the proceeds of which was applied to the pay-
ment of the purchase of the 35,000 shares of Shiloh stock as
agreed.

It is further alleged that this note was afterward paid
and the English bonds released from their use as collateral
and returned to the plaintiff as agreed. In other words, the
contract was fully performed by the defendant, except it
was not performed within the time agreed. The charge in
this particular is that the stocks were sold by defendant
with permission of plaintiff as agreed in the contract, but
that the proceeds of such sale were not promptly applied
to the payment of the note to the bank, thereby causing de-
lay in a return to plaintiff of his securities.

The prayer of the complaint is not for damages for loss,
or division of profits in the transaction. It is, however, al-
leged that the defendant failed to pay all of the sums re-
ceived from the sales of stocks from time to time as such
sales were made, but that a part of these sums were rein-
vested by the defendant in other oil stocks and oil leases of
uncertain and indefinite description in the complaint, either
as to the number of shares of such stocks or of the leases,
or value as to either. The sole relief prayed for is that the
defendant be enjoined from the sale of any such stocks or
interests in leases, and that plaintiff be subrogated to the
rights and interests of defendant therein.

A demurrer was sustained to the complaint as being in-
sufficient to state a cause of action. An amended complaint
was ordered to be stricken from the files as being in sub-
stance but a repetition of the original complaint. The plain-
tiff brings error and presents his application for a super-
sedeas.

It seems to be clear from the pleading that if plaintiff
has a cause of action against the defendant, it must be for

damages for delay in returning his securities, which were agreed to be and were deposited as security for defendant's note to the bank. But this is not sufficiently pleaded, nor is any such damage demanded. The contract discloses a joint speculation by the parties in which the plaintiff made no investment and took no chances, except the deposit of his bonds as collateral to secure payment of the defendant's note, and which have been returned to him. A mere statement of the facts discloses the correct conclusion of the court in the premises.

The application for a supersedeas is denied and the judgment is affirmed.

Garrigues, C. J., and Denison, J., concur.